<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **STACEY WATSON**,<br><br>Petitioner,<br><br>v.<br><br>**ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA**,<br><br>Respondent. | Civil Action No. 21-20303 (ZNQ)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon two motions filed by Respondent Attorney General of the United States of America ("Respondent"): a Motion to Seal the Redacted Certified Administrative Record ("CAR") ("Motion to Seal", ECF No. 36), and a Motion for Summary Judgment ("Summary Judgment Motion", ECF No. 46). Respondent filed a certification in support of the Motion to Seal (Certification of Frances Bajada, "Bajada Certification", ECF No. 37-1) and a brief in support of the Summary Judgment Motion ("Summ. J. Moving Br.", ECF No. 46-1). Pro se Petitioner Stacey Watson ("Petitioner") opposed the Summary Judgment Motion. ("Pet'r's Opp'n Br.", ECF No. 48.) Respondent then filed a Reply to the Summary Judgment Motion ("Summ. J. Reply Br.", ECF No. 54), to which Petitioner filed a Sur-Reply ("Pet'r's Sur-Reply Br.", ECF No. 56).

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

1

For the reasons set forth below, the Court will GRANT Respondent's Motion to Seal and will GRANT Respondent's Summary Judgment Motion.

I. **BACKGROUND AND PROCEDURAL HISTORY**[1]

Petitioner is a U.S. citizen. (SOMF ¶ 22.) Petitioner married her husband, K.S., a non-U.S. citizen, on January 25, 2012. (*Id.*) Since February 2012, Petitioner has sought to confer immigration status on K.S. based on their marriage. (*Id.* ¶ 23.) On September 23, 2021, the Board of Immigration Appeals ("BIA") issued a decision ("2021 BIA Decision", ECF No. 38 at 1–4) affirming the denial of her petition to obtain lawful permanent resident status for K.S. (*Id.* ¶ 57.) Petitioner filed the instant action on December 2, 2021, challenging the 2021 BIA Decision. The Court provides a brief background on the relevant immigration statutory and regulatory framework, as well as the administrative history underlying Petitioner's claims.

A. **IMMIGRATION STATUTES & REGULATORY FRAMEWORK**

To obtain immigration status based on marriage to a U.S. citizen, the U.S. citizen petitioner must file a United States Citizenship and Immigration Services ("USCIS") I-130 Petition form ("I-130 Petition"). 8 C.F.R. §§ 204.1(a)(1), 204.2(a)(1). To be eligible for immigration status, the petitioner must prove that the petitioner and the alien spouse beneficiary have entered into a *bona fide* marriage. 8 C.F.R. § 204.2(a)(2). The Immigration and Nationality Act ("INA") prohibits USCIS from granting immigration status to an alien spouse if there is "substantial and probative evidence" that the alien spouse has attempted, conspired, or actually "enter[ed] into a marriage for the purpose of evading the immigration laws." 8 U.S.C. § 1154(c); 8 C.F.R. § 204.2(a)(1)(ii). Importantly, USCIS will deny any subsequent I-130 Petition filed on behalf of an alien spouse

---

[1] The relevant background is taken from Respondent's Statement of Material Facts Not in Dispute ("SOMF", ECF No. 46-2) filed with its Summary Judgment Motion pursuant to Local Civil Rule 56.1, and the six-part CAR filed at ECF Nos. 38–42, 44.

2

who has previously entered into a marriage for the purpose of evading immigration laws. *See Matter of Tawfik*, 20 I&N Dec. 166, 167 (BIA 1990); 8 C.F.R. § 204.2(a)(1)(ii).

USCIS may deny an I-130 Petition if it proves by "substantial and probative evidence" that the marriage underlying the I-130 Petition is fraudulent. *Matter of Kahy*, 19 I&N Dec. 803, 806–07 (BIA 1988). The BIA has defined that "substantial and probative evidence" is "higher than a preponderance of the evidence and closer to clear and convincing evidence." *Matter of P. Singh*, 27 I&N Dec. 598, 607 (BIA 2019). In other words, "to be 'substantial and probative,' the evidence must establish that it is more than probably true that the marriage is fraudulent." *Id.* If USCIS concludes that the marriage is fraudulent, then the burden shifts back to the petitioner to overcome the marriage fraud. *Matter of Kahy*, 19 I&N Dec. at 807–08. The petitioner can appeal USCIS's denial of an I-130 Petition to the BIA. *See* 8 C.F.R. § 1003.1(b)(5), (d)(3).

B. **ADMINISTRATIVE HISTORY**

In February 2012, one month after Petitioner and K.S. married, Petitioner filed an I-130 Petition ("2012 I-130 Petition") seeking to confer immigration status on K.S. based on their marriage. (SOMF ¶ 23.) USCIS accepts that Petitioner and K.S. have a bona fide marital relationship. (ECF No. 39 at 77.) On May 2, 2012, USCIS approved the 2012 I-130 Petition. (SOMF ¶ 26.)

Shortly after, however, USCIS learned that K.S. had previously signed a sworn statement ("K.S. Statement") "testifying that he paid [his spouse from a previous marriage, D.L.] $5,000 to marry him so that he could receive immigration status in the United States."[2] (*Id.* ¶ 11, 27.)

---

[2] The Court finds it necessary to provide a brief background on K.S. Before K.S. was married to Petitioner, he was previously married to D.L., a U.S. citizen. (SOMF ¶ 1.) In 2008, D.L. filed an I-130 Petition to confer immigration status to him, and in 2009, USCIS approved the petition. (*Id.* ¶ 2, 4.) A year later, K.S. and D.L. dissolved their marriage. (*Id.* ¶ 5.) Sometime after, while K.S. was travelling outside the U.S., he applied for advance parole to return to the U.S. (*Id.* ¶ 6.) USCIS granted his request and K.S. returned to the U.S. in March 2011 through the Washington-Dulles International Airport. (*Id.* ¶ 7–8.) Upon arrival to the airport, a Customs and Border Protection officer detained, inspected, and interviewed K.S. (*Id.* ¶ 9–10.) After the detention, K.S. made the K.S. Statement. (*Id.* ¶ 11.)

Consequently, on August 27, 2013, USCIS issued a Notice of Intent to Revoke ("NOIR") the 2012 I-130 Petition based on K.S.'s fraudulent marriage to D.L. (*Id.* ¶ 28.) The burden then shifted to Petitioner to demonstrate that K.S. and D.L. had a bona fide marriage, but Petitioner failed to respond to the NOIR; USCIS revoked the 2012 I-130 Petition in December 2013. (*Id.* ¶¶ 28–30.)

In January 2014, Petitioner appealed the revocation of the 2012 I-130 Petition to the BIA; the BIA remanded the matter to USCIS. (*Id.* ¶ 31.) After USCIS reviewed the entire record, in July 2016, it issued a new decision revoking the 2012 I-130 Petition, which Petitioner appealed to the BIA. (*Id.* ¶ 32.) In January 2017, the BIA again remanded the decision to USCIS. (*Id.* ¶ 33.) This time, USCIS issued a Request for Evidence to provide Petitioner the opportunity to overcome USCIS's finding of K.S.'s previous marriage fraud. (*Id.* ¶ 34.) Petitioner responded with a lease agreement between K.S. and D.L., K.S. and D.L.'s tax returns from 2008, an affidavit from K.S. claiming that the K.S. Statement "may have been [made] due to the unbelievable pressure" and "[u]ndue influence" placed on him while he was detained by Customs and Border Patrol, and two very short sworn statements from D.L. claiming that their marriage was "very real" and that "[t]here was nothing fraudulent about it." (*Id.* ¶¶ 35–39.) In June 2017, USCIS issued a new decision, again revoking the 2012 I-130 Petition, finding that the K.S. Statement was not made under duress and that the K.S. Statement was "probative and substantial evidence of the fraudulent marriage between K.S. and D.L." (*Id.* ¶ 40–41.) Petitioner again appealed this decision to the BIA, but in March 2018, the BIA affirmed the June 2017 USCIS decision and dismissed Petitioner's appeal.

---

Consequently, USCIS determined that the K.S. Statement demonstrates that K.S.'s marriage to D.L. was fraudulent and an immigration judge ultimately had K.S. removed from the United States; K.S. departed the U.S. on July 12, 2011. (*Id.* ¶¶ 13, 19, 21.) The Department of Homeland Security also prohibited K.S. from entering or being in the U.S. for a five-year period from the date of his departure. (*Id.* ¶ 20.)

4

In May 2018, Petitioner filed a second I-130 Petition ("2018 I-130 Petition"). (*Id.* ¶ 45.) USCIS responded by sending Petitioner a Notice of Intent to Deny ("NOID") the 2018 I-130 Petition because "K.S.'s fraudulent marriage to D.L. barred him from receiving immigration status under the INA." (*Id.* ¶ 46.) Petitioner responded to the NOID with evidence consisting of the same affidavit from K.S., the same sworn statements from D.L., and a 2006 joint tax return from K.S. and D.L. (*Id.* ¶ 48.) In May 2019, USCIS denied the 2018 I-130 Petition ("May 2019 USCIS Decision"). (*Id.* ¶ 55.) USCIS explained that Petitioner did not meet her burden of submitting evidence to show that K.S. and D.L. shared a bona fide marriage, and that the record before USCIS contained "substantial and probative evidence" that K.S. entered into a marriage with D.L. for the purpose of evading immigration laws. (*Id.* ¶ 49–54.)

Petitioner appealed the May 2019 USCIS Decision to the BIA. (*Id.* ¶ 56.) In the 2021 BIA Decision, the BIA reviewed the entire record and concluded that "the record contains substantial and probative evidence of marriage fraud by" K.S. and D.L. and found the K.S. Statement particularly compelling evidence of such fraud. (ECF No. 38 at 3.) The BIA also explained that Petitioner's evidence that K.S. made the statement "under pressure" was "insufficient to refute the evidence of marriage fraud" and that the joint tax return Petitioner submitted was insufficient to establish that K.S. and D.L. shared a bona fide marriage "particularly since [K.S.] admitted to generating documents for immigration purposes" in the K.S. Statement. (*Id.* at 3–4.) As such, the BIA dismissed the appeal and rejected the 2018 I-130 Petition given the "substantial and probative evidence that [K.S.'s] prior marriage to his spouse was fraudulent." (*Id.* at 4 (citing 8 C.F.R. § 204.2(a)(1)(ii); *Matter of P. Singh*, 27 I&N Dec. at 598; *Matter of Tawfik*, 20 I&N at 167.

5

### C.   PROCEDURAL HISTORY

Petitioner initially sought review of the 2021 BIA Decision in the Third Circuit in October 2021.  (ECF Nos. 1-1, 1-4.)  However, the Third Circuit did not review Petitioner's appeal because it lacked jurisdiction over her appeal given the BIA's "affirmance of the denial of an I-130 petition is not a final order of removal" and transferred the appeal to this District.  (ECF No. 1-4 at 2.)  On December 2, 2021, Petitioner initiated the present action in this Court by filing the Complaint.  (ECF No. 1.)  Petitioner's Complaint "presents her claims on the form used for appeal or petition for review before the Third Circuit."[3]  (Summ. J. Moving Br. at 16 n.8.)  Petitioner claims that her 2018 I-130 Petition should be approved under the Extreme Hardship Provision of the INA ("Extreme Hardship Provision"), 8 C.F.R. § 1240.58, because she is on permanent disability, has anxiety disorders, and needs K.S.'s help to raise their minor child.  (*See generally* Compl.)

## II.   **JURISDICTION & LEGAL STANDARD**

The Court has jurisdiction to review the 2021 BIA Decision under 28 U.S.C. § 1331.  The Third Circuit has held that district courts have jurisdiction to review an agency decision, here the 2021 BIA Decision, under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, given the 2021 BIA Decision is not a final order of removal.  *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (citing *Chehazeh v. U.S. Att'y Gen.*, 666 F.3d 118, 139 (3d Cir. 2012).

The present motion before the Court is Respondent's Summary Judgment Motion.  "When a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal. The entire case on review is a question of law."  *Neto v. Thompson*, 506 F. Supp. 3d 239, 243–44 (D.N.J. 2020) (quoting *Am. Biosci., Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001)).  Accordingly, the Court will not review the 2021 BIA Decision under the traditional standard of

---

[3] The Court construes the Complaint as containing Petitioner's claims in paragraphs 1–7, ECF No. 1 at 4–9.

6

review under Fed. R. Civ. P. 56, but rather under the "more deferential APA standard" to determine whether the BIA's findings and conclusions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Eid*, 740 F.3d at 122 n.3; 5 U.S.C. § 706(2)(A). The Third Circuit has explained that the "scope of review under the 'arbitrary and capricious' standard is 'narrow, and a court is not to substitute its judgment for that of the agency.'" *CBS Corp. v. F.C.C.*, 663 F.3d 122, 137 (3d Cir. 2011) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983)). Under the standard, the agency must "articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *CBS*, 663 F.3d at 145 (quoting *State Farm*, 463 U.S. at 43). Accordingly, a court reviewing a BIA decision "should not re-weigh the evidence presented but must determine only if 'a reasonable mind might accept [the evidence] as adequate to support a conclusion.'" *Smith v. Holder*, 487 F. App'x 731, 733 (3d Cir. 2012).

### III. DISCUSSION

#### A. Motion To Seal

The Court first addresses Respondent's Motion to Seal pursuant to Local Civil Rule 5.3(c). (ECF No. 36.) Respondent moves to seal the CAR and documents filed in support of and in opposition to the Summary Judgment Motion ("Summary Judgement Motion Documents") because the documents therein "provide confidential, private, and sensitive information, including medical, familial, financial, and other protected information." (Bajada Certification ¶ 2.) Respondent further explains that Petitioner "and other people mentioned in the CAR and [Summary Judgment Motion Documents] have a substantial interest in maintaining the confidentiality of their private, personal information, and there is no legitimate public interest in the dissemination of such information." (*Id.*)

Generally, "[t]here is a strong presumption of public access to judicial records and documents." *In re Zimmermann*, 739 F. App'x 101, 103 (3d Cir. 2018). That presumption, however, "is not absolute" and is rebuttable. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal quotation marks and citations omitted). The party moving to seal the records bears the burden of demonstrating why restriction is necessary. *Id.* Pursuant to Local Civil Rule 5.3(c)(3), the moving party must describe:

> (a) the nature of the materials or proceedings at issue;
> (b) the legitimate private or public interest which warrant the relief sought;
> (c) the clearly defined and serious injury that would result if the relief sought is not granted;
> (d) why a less restrictive alternative to the relief sought is not available;
> (e) any prior order sealing the same materials in the pending action; and
> (f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3(c)(3). Though Petitioner did not file a brief in opposition to the Motion to Seal, Petitioner filed a letter (the "November 2023 Letter") on November 2, 2023, which the Court construes as Petitioner's opposition to the Motion to Seal.[4] (ECF No. 35.) In the November 2023 Letter, Petitioner summarily expresses doubt as to Respondent's intentions for seeking to seal the CAR given Respondent "want[s] to seal documents that [it] stated [are] already 'redacted'"; Petitioner does not otherwise substantively oppose the Motion to Seal. (ECF No. 35 at 1.)

Here, Respondent has redacted the CAR that it filed with the Court. (Bajada Certification ¶ 5.) Various documents within the Summary Judgment Motion Documents remain unredacted and contain private, sensitive information. The Court agrees with Respondent that the CAR and the Summary Judgment Motion Documents contain sensitive information relating to nonparties and minors, as well as Petitioner's private medical information. Given the sensitive nature of this

---

[4] More specifically, the November 2023 Letter is a response to a previous letter that Respondent sent to Petitioner seeking her consent to file the Motion to Seal. (*See* ECF No. 34.) The November 2023 Letter reflects Petitioner's declination of consent to the filing of the Motion to Seal because the Court had previously given an extension of time to Respondent to file the motion. However, because Petitioner does not address the Motion to Seal in any other submission filed with the Court, the Court construes the November 2023 Letter as Petitioner's opposition.

8

action, the voluminous record which contains private identifying familial and financial information of minors and nonparties, as well as the medical records of Petitioner, the Court finds that sealing the CAR and the Summary Judgment Motion Documents is appropriate. Accordingly, the Court will grant Respondent's Motion to Seal.

### B. Summary Judgment Motion

The crux of Petitioner's appeal is that the 2018 I-130 Petition should be approved under the Extreme Hardship Provision. (*See generally* Compl. and Pet'r's Opp'n Br.) However, Petitioner's basis for her challenge faces a fatal flaw: Petitioner did not raise the Extreme Hardship Provision as part of the 2018 I-130 Petition, and therefore the BIA did not consider it.[5] As Respondent clarifies, the "USCIS and the BIA denied [the 2012 and 2018] I-130 Petitions solely based upon section 204(c) marriage fraud, not upon" the Extreme Hardship Provision. (Summ. J. Moving Br. at 24.) Notably, "[a] court reviewing federal agency action under the APA is limited to the explanations of the agency in the administrative record." *Smith*, 487 F. App'x at 734; *see also Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 20 (2020) ("It is a 'foundational principle of administrative law' that judicial review of agency action is limited to 'the grounds that the agency invoked when it took the action.'") (quoting *Michigan v. E.P.A.*, 576 U.S. 743, 758 (2015)); *Krasniqi*, 558 F. Supp. 3d 168, 178 (D.N.J. Sept. 1, 2021) (noting that district courts may only "review the grounds invoked by the agency when it made its decision"). Here, the BIA's decision affirming USCIS's denial of Petitioner's 2018 I-130 Petition was premised solely on the marriage fraud bar and not the Extreme Hardship Provision. (*See* ECF No.

---

[5] Notably, Petitioner concedes that she "did not quote the [Extreme Hardship Provision] statute" and "did not cite the [Extreme Hardship Provision] law on paper to" USCIS or the BIA, although she claims that "[t]hey know [she] has a disability of permanent personality and anxiety disorders and they did not care about [her] health." (Compl. ¶¶ 2, 3.) The Court finds no fault on the part of USCIS or the BIA for being unable to intuit Petitioner's unspoken wish to invoke the Extreme Hardship Provision.

9

38 at 1–4.) As such, any argument Petitioner now raises based on the Extreme Hardship Provision is absent from the 2021 BIA Decision, and the Court will not exceed its authority to determine whether the Extreme Hardship Provision "was an additional reason for denial."[6] *Smith*, 487 F. App'x at 735.

Notwithstanding that Petitioner only argues that the 2018 I-130 Petition should be approved based on the Extreme Hardship Provision, the Court nevertheless concludes that the BIA's finding that K.S. and D.L.'s marriage was fraudulent was not arbitrary, capricious, nor an abuse of discretion, and that the finding was supported by substantial and probative evidence. The BIA reviewed the May 2019 USCIS Decision *de novo* (ECF No. 38 at 2). The BIA explained that it reviewed the entire record of the proceedings—including the May 2019 USCIS Decision, the NOID, Petitioner's evidence in response to the NOID, and Petitioner's arguments on appeal—and based on the evidence and submissions, it adopted and affirmed the May 2019 USCIS Decision. (ECF No. 38 at 3.)

Here, the Court need not "re-weigh" the evidence presented. Instead, it need only determine that a reasonable mind could accept that the evidence is adequate to support the BIA's conclusion. *Smith*, 487 F. App'x at 733 (internal citations omitted). The BIA underscored that the K.S. Statement is substantial and probative evidence of marriage fraud given K.S. admitted that his marriage to D.L. "was entered into for the sole purpose of allowing [K.S.] to stay in the United States and that [K.S.] paid his prior spouse $5,000 to marry him." (ECF No. 38 at 3.) The K.S.

---

[6] Petitioner attempts to argue that USCIS expedited and approved her 2012 I-130 Petition based on her "extreme hardship." (Pet'r's Opp'n Br. at 2.) However, Respondent clarifies that though "USCIS expedited its *processing* of the 2012 I-130 Petition based on extreme hardship . . . she is incorrect that USCIS approved her 2012 I-130 Petition based upon extreme hardship" and instead approved it based on Petitioner's bona fide marriage with K.S. (Summ. J. Reply Br. at 5 (emphasis in original); ECF No. 38 at 29; ECF No. 39 at 77; ECF No. 41 at 50.) Further, not only did USCIS revoke the 2012 I-130 Petition based on K.S.'s previous marriage fraud, but Respondent explains that "USCIS is statutorily prohibited from considering any exception, including extreme hardship, to the 204(c) marriage bar as a basis to approve the 2012 I-130 Petition." (Summ. J. Reply Br. at 5 (citing 8 C.F.R. §§ 204.1(a)(1), 204.2(a)(1)(ii)).

10

Statement, a sworn statement admitting that his marriage to D.L. was fraudulent, "may constitute substantial and probative evidence to support a finding of marriage fraud." *Mukui v. Chau*, Civ. No. 19-3249, 2020 WL 3265156, at *6 (E.D. Pa. June 17, 2020). The BIA also concluded that any evidence Petitioner submitted claiming that K.S. made the statement "under pressure" was "insufficient to refute the evidence of marriage fraud." (*Id.* at 3 (citing *Matter of Isber*, 20 I&N Dec. 676, 679 (BIA 1993)). Further, the BIA noted that Petitioner did not demonstrate that the K.S. Statement was "inaccurate or unreliable." (*Id.* at 3 n.3.)

Here, Petitioner's arguments fare no better. In fact, Petitioner does not substantively challenge the BIA's marriage fraud finding. (*See generally* Pet'r's Opp'n Br. and Pet'r's Sur-Reply.) At best, Petitioner merely reiterates the evidence she has already provided to USCIS, including D.L.'s sworn statements and K.S.'s affidavit, to support that K.S. and D.L.'s marriage "was real" and "not fraud." (Pet'r's Sur-Reply at 1.) However, the Court agrees with the BIA's finding that Petitioner "essentially presents previously submitted unpersuasive arguments" and these summary arguments are insufficient to prove that K.S. and D.L. had a bona fide marriage. Given the significant administrative history in this case, Petitioner has had "ample opportunity to offer evidence proving the bona fides" of K.S. and D.L.'s marriage but has failed to do so. *Herrera*, 2013 WL 602243, at *5. As such, the Court concludes that the BIA articulated a "satisfactory explanation for its action including a 'rational connection between the facts found and the choice made'" in the 2021 BIA Decision. *CBS*, 663 F.3d at 145 (quoting *State Farm*, 463 U.S. at 43). Therefore, the Court does not find that the BIA was arbitrary or capricious, or that it abused its discretion, in finding that the record contains substantial and probative evidence that K.S.'s marriage with D.L. was fraudulent and entered into for the purpose of evading immigration laws.

IV.     **CONCLUSION**

For the reasons stated above, the Court will GRANT Respondent's Motion to Seal and will GRANT Respondent's Summary Judgment Motion.  An appropriate Order will follow.

Date: **June 25, 2024**

                                         s/ Zahid N. Quraishi
                                         **ZAHID N. QURAISHI**
                                         **UNITED STATES DISTRICT JUDGE**